OPINION
{¶ 1} Defendant-appellant Tyson D. Wheeler ("Wheeler") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County.
 {¶ 2} On October 19, 2003, the police received a call that "suspicious" activities were occurring at the residence of Mr. and Mrs. Robert Wheeler, who were on vacation. The police investigated and determined that the couple's grandson was staying in the home and driving their vehicle without their permission. Mr. and Mrs. Wheeler requested that Wheeler be removed from the premises. Wheeler was arrested and charged with burglary, a third degree felony, and unauthorized use of a motor vehicle, a first degree misdemeanor. On February 20, 2004, Wheeler entered a negotiated guilty plea to one count of fourth degree burglary and the unauthorized use of a motor vehicle in case no. 2003-CR-139. Wheeler remained free on bond until sentencing.
 {¶ 3} On April 19, 2004, the sentencing hearing was scheduled, but Wheeler failed to appear. A bench warrant was issued for his arrest. Wheeler was subsequently charged with failure to appear, a fourth degree felony, and was arrested in Allen County. On May 23, 2004, Wheeler appeared for sentencing on the original convictions. Wheeler also entered a guilty plea to the charge of failure to appear charge in case no. 2004-CR-53 and was sentenced on that offense as well. The trial court ordered Wheeler to serve 12 months in prison for the burglary concurrent with six months in prison for the unauthorized use of the motor vehicle in case no. 2003-CR-139. Then the trial court imposed a 17 month prison term for the failure to appear conviction and ordered the sentence in case no. 2004-CR-53 be served consecutive to that in case no. 2003-CR-139. Wheeler appeals from this judgment and raises the following assignment of error.
The trial court's ordering that the sentences of [Wheeler] areto be served consecutively to each other was unsupported by therecord and was contrary to law.
 {¶ 4} Wheeler's sole assignment of error claims that the trial court erred in imposing the sentence ordered.
If multiple prison terms are imposed on an offender forconvictions of multiple offenses, the court may require theoffender to serve the prison terms consecutively if the courtfinds that the consecutive service is necessary to protect thepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing
* * *.
 {¶ 5} R.C. 2929.14(E)(4). If the trial court imposes consecutive sentences under R.C. 2929.14, it must state its reasons for imposing consecutive sentences on the record. R.C.2929.19
 {¶ 6} In this case, the trial court reviewed the pre-sentence investigation and listened to the testimony of Wheeler at the sentencing hearing. In support of the sentences, the trial court made the following findings.
He's failed to respond favorably in the past to sanctionsimposed for criminal convictions; been sent to the W.O.R.T.H.Center and violated and has demonstrated no remorse for theoffense; recidivism likely factors outweigh the recidivismunlikely factors; Court further finds that the relationship withthe victim facilitated the offense; no physical harm to personsor property was expected or caused. * * *
* * * He's demonstrated a repeat fashion (sic) lack ofresponsibility, lack of respect for authority, lack of living upto his obligation. Court further finds that CONSECUTIVE serviceis necessary to adequately punish the offender and that theDefendant's criminal history demonstrates that consecutiveservices are necessary to protect the public from future crime bythe offender. The offense was committed while he was awaitingtrial or sentencing on a felony case. For this seventeen (17)months in Case 2004-CR-53 is ORDERED run CONSECUTIVELY to thetwelve (12) months in 2003-CR-139.
* * *
You've been given repeated opportunities to step up to theplate and meet your responsibilities and repeatedly you've blownit off.
Sentencing Tr. 35-36. The trial court made all of the required findings to impose consecutive sentences and stated its reasons for doing so on the record. However, the trial court did not make the required findings for imposing more than the maximum sentence on the failure to appear charge. Thus, the trial court erred in imposing the sentence and the assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Auglaize County is reversed and the cause is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 Cupp and Rogers, J.J., concur.